IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| WILLIAM LEE FISHER | ) | CASE NUMBER: 14-61076 |
| Debtor, | ) | |
| | ) | |
| ROBERT SWOFFORD | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM LEE FISHER, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHRISTOPHER T. MICALE, | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION FOR RELIEF FROM STAY AND REQUEST THAT BANKRUPTCY RULE 4001 (a)(3) NOT APPLY, OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**

NOW COMES ROBERT SWOFFORD (hereinafter "Movant"), a creditor of the above-referenced debtor, and moves the Court pursuant to 11 U.S.C. § 362(d) for an Order allowing relief from the automatic stay. In support of said Motion, Movant shows the Court the following:

1. WILLIAM LEE FISHER (the "Debtor") filed a voluntary petition pursuant to Chapter 13 with this Court on June 4, 2014.

2. The Debtor is the record owner of certain real property briefly described as follows: 1) Cabin in Franklin County, Virginia comprised of 8 adjoining parcels of real estate, bearing Parcel ID numbers 1160001200, 1160100100, 1160100200, 1160100300, 1160100400, 1160100500, 1160100600, and 1160100700, and having Tax Map Nos. 116.1, 116.1-2 through

1

116.1-7, and 116.12 ("Franklin Property"); 2) 307 Starling Ave, Martinsville, Virginia bearing Property ID 000594700, and having Tax Map No. 43(02)C/26R ("Starling Property"); 3) 413 E Church St, Martinsville, Virginia bearing Property ID 000506100, and having Tax Map No. 34(03)A/10 (Church Property); 4) 550 Dillard St, Martinsville, Virginia bearing Property ID 000161100, and having Tax Map No. 12(01)00/11 ("Dillard Property"); and 5) 205 Moss St, Martinsville, Virginia bearing Property ID 00548800, and having Tax Map No. 32(01)P/17 ("Moss Property") (collectively the "Properties").

3. Movant is the holder of a first lien on the Franklin Property, in the form of a Deed of Trust recorded in the Clerk's Office of Franklin County as Instrument No. 070007168, Book 916, Page 1586, on July 12, 2007, securing the principal sum of $70,000 with interest. A copy of said Deed of Trust is attached hereto and incorporated herein as **EXHIBIT A**.

4. Movant is the holder of a second lien on the Franklin Property, in the form of a Supplemental Deed of Trust recorded in the Clerk's Office of Franklin County as Instrument No. 090005976, Book 963, Page 1050, on July 2, 2009, securing the additional sum of $114,705.24. A copy of said Supplemental Deed of Trust is attached hereto and incorporated herein as **EXHIBIT B**.

5. Movant is the holder of a second lien on the Starling Property, third lien on the Church Property, first lien on the Dillard Property, and first lien on the Moss Property in the form of a Credit Line Deed of Trust recorded in the Clerk's Office of Martinsville, as Instrument No. 0801416, on November 14, 2008, securing the repayment of the principal sum of $114,705.24 with interest and service charges. A copy of said Credit Line Deed of Trust is attached hereto and incorporated herein as **EXHIBIT C**.

6. Movant is the holder of a third lien on the Starling Property, fourth lien on the Church Property, second lien on the Dillard Property, and second lien on the Moss Property in the form of a Supplemental Deed of Trust recorded in the Clerk's Office of Martinsville, as Instrument No. 0900705, in July, 2009, securing the repayment of the additional sum of $70,000. A copy of said Supplemental Deed of Trust is attached hereto and incorporated herein as **EXHIBIT D**.

7. Movant is the holder of a promissory note in the principal sum of $70,000 dated June 28, 2007 ("Note 1"). The amount owed on Note 1, inclusive of interest, and other permissible charges for fees and expenses was $198,961.06 on June 3, 3014. Interest continues to

accrue on Note 1 at the rate of $34.52 per day. A copy of Movant's proof of claim for Note 1 is attached hereto and incorporated herein as **EXHIBIT E**.

8.   Movant is the holder of a promissory note in the principal sum of $114,705.24 dated November 10, 2008 ("Note 2"). The amount owed on Note 2, inclusive of interest, and other permissible charges for fees and expenses was $146,958.13 on June 3, 2014. Interest continues to accrue on Note 2 at the rate of $17.21 per day. A copy of Movant's proof of claim for Note 2 is attached hereto and incorporated herein as **EXHIBIT F**.

9.   On information and belief, Martinsville DuPont Credit Union is the holder of a first lien on the Starling Property in the amount of $34,555.26, and the holder of a first lien on the Church Property, in the amount of $9,349.74.

10.  On information and belief, BB&T is the holder of a second lien on the Church Property, in the amount of $12,600.49.

11.  On information and belief, Franklin County Treasurer's Office has a claim for taxes secured by a tax lien in the Franklin Property, for taxes in the amount of $26,754.69.

12.  On information and belief, Martinsville Treasurer's Office has a claim for taxes secured by tax liens in the following properties: Starling Property for taxes in the amount of $16,557.11, Church Property for taxes in the amount of $13,238.50, Dillard Property for taxes in the amount of $3,649.97, and Moss Property for taxes in the amount of $3,819.41.

13.  For purposes of this motion only, the current fair market values of the Properties, based upon their current tax assessed values and Debtor's valuations from his sworn bankruptcy schedules are as follows:

   1)   Franklin Property    $56,300;
   2)   Starling Property    $137,300;
   3)   Church Property      $65,600;
   4)   Dillard Property     $9,000;
   5)   Moss Property        $10,000.

14.  Movant has not been offered and does not have adequate protection of its interest in the Properties.

15.  Note 1 matured on May 5, 2013. Note 2 matured on July 31, 2013.

16.  Debtor has not made any payments on the notes since December 2008.

17. Debtor is not paying the property taxes on the Properties.

18. Debtor is not maintaining insurance on the improved Properties as required by the deeds of trust.

19. Debtor has no equity in the Properties.

20. Debtor has no reasonable prospect for the reorganization, and the Properties are not essential to any plan of reorganization for the Debtor.

21. If Movant is not permitted to foreclose without delay, it will suffer irreparable harm, loss, or damage.

22. Movant specifically requests that the preliminary and final hearing on this Motion be consolidated.

23. Movant requests that should relief from stay be granted as is requested in this Motion that the ten-day stay period of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure not apply and not be effective as to any Order entered.

24. Movant waives the right to have the initial hearing in this matter scheduled within 30 days of the filing of this Motion and consents to the initial hearing being set on October 27, 2014, at 11:00 a.m.

WHEREFORE, Robert Swofford prays that the Court:

1. Modify the Stay as follows:
    a. Modify the stay to permit Robert Swofford to proceed with foreclosure of the Franklin Property under its Deed of Trust in accordance with State law;
    b. Modify the stay to permit Robert Swofford to proceed with foreclosure of the Starling Property, Church Property, Dillard Property, and Moss Property under its Deed of Trust in accordance with State law; and
    c. Provide that the ten-day stay period of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure not apply and not be effective as to any Order for relief from stay entered; or
2. In the alternative, provide adequate protection as follows:
    a. Require that Debtor amend his plan to provide for the payment of Notes 1 and 2 in equal monthly payments as partially secured claims for the value of the Properties less amounts owed to senior lienholders;

    b. Require that Debtor make adequate protection payments to Movant;

    c. Require that Debtor obtain and maintain insurance on the improved Properties; and

    d. Condition the Stay on Debtor's timely payment of all plan payments, adequate protection payments, maintenance of insurance on improved Properties; and in either alternative

3. Grant such other and further relief as the Court deems just and appropriate.

This 11th day of September, 2014.

                                          Respectfully Submitted,

                                          **ROBERT SWOFFORD**

                                          By Counsel

Counsel:

Darren W. Bentley, VSB #48092
**CLEMENT WHEATLEY**
549 Main Street (24541)
P. O. Box 8200
Danville, VA  24543-8200
TELEPHONE:  (434) 793-8200
FAX:  (434) 793-8436


By: /s/ Darren W. Bentley
    Darren W. Bentley

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September 2014, the foregoing Motion for Relief from Stay and Request that Bankruptcy Rule 4001(a)(3) not Apply, or, in the Alternative, for Adequate Protection was filed electronically with the U. S. Bankruptcy Court and was served on the following parties, electronically on those parties who are CM/ECF participants, and by U.S. Postal Service on those parties who are non-CM/ECF participants:

William Lee Fisher
5697 Oak Level Road
Bassett, VA 24055
*Debtor*

Christopher T. Micale, Esq.
P. O. Box 1001
Roanoke, VA 24005
*Chapter 13 Trustee*

/s/ Darren W. Bentley
Darren W. Bentley