IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM LEE FISHER, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | CASE NO. 14-61076 |

| | | |
|---|---|---|
| MARTINSVILLE DUPONT CREDIT UNION, | ) ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | ECF NO. 30 |
| | ) | |
| WILLIAM LEE FISHER and CHRISTOPHER T. MICALE, Trustee | ) ) ) | |
| Respondents. | ) | |

| | | |
|---|---|---|
| ROBERT SWOFFORD, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | ECF NO. 37 |
| | ) | |
| WILLIAM LEE FISHER and CHRISTOPHER T. MICALE, Trustee | ) ) ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

The matters before the Court are the Motion to Terminate, Annul, Modify or Condition the Automatic Stay (the "MDCU Motion") filed by Martinsville Dupont Credit Union ("MDCU"), and the Motion for Relief from Stay (the "Swofford Motion") filed by Robert Swofford ("Swofford") against the Debtor, William Lee Fisher ("Debtor"). Pursuant to the Court's Pre-Hearing Order, the Debtor filed a response to the Swofford Motion, but no response

was filed to the MDCU motion. A hearing was held on both motions on October 27, 2014, and the Court considered the evidence offered by all parties. For the reasons stated herein,[1] the Court will grant relief from the stay of 11 U.S.C. § 362(a) to allow MDCU and Swofford to exercise their available rights under their loan documents.

FINDINGS OF FACT

The Debtor filed his bankruptcy petition *pro se* under Chapter 13 of the Bankruptcy Code on June 4, 2014. He subsequently filed his schedules on July 2, 2014, along with his initial Chapter 13 plan. The Debtor's schedules reflect that at the time of filing he was the owner of five real properties which are the focus of the MDCU Motion and the Swofford Motion: (i) a cabin and eight adjoining parcels of land in Franklin County, Virginia (the "Franklin Property"); (ii) 307 Starling Avenue, Martinsville, Virginia (the "Starling Property"); (iii) 413 East Church Street, Martinsville, Virginia (the "Church Property"); (iv) 550 Dillard Street, Martinsville, Virginia (the "Dillard Property"); and (v) 205 Moss Street, Martinsville, Virginia (the "Moss Property") (collectively, the "Properties"). Swofford Mot., Schedule A.[2] Objections were filed to the Chapter 13 plan by Swofford, MDCU, the Chapter 13 trustee, and the Virginia Division of Child Support Enforcement.[3]

---

[1] Where appropriate, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact. *See* Fed. R. Bankr. P. 7052; 9014(c).

[2] The Schedules reflect the address on Moss Street is 105 Moss Street. The Motion refers to 205 Moss Street. The Debtor appears to agree that they are referring to the same parcel.

[3] The Division of Child Support Enforcement's Objection to Confirmation was sustained by an agreed order entered October 24, 2014, giving the Debtor fourteen (14) days to file a modified plan. Order Sustaining Objection by DCSE, ECF No. 48.

On August 22, 2014, the MDCU Motion was filed. No notice of hearing was filed with the Motion, and a deficiency order was issued. A notice of hearing was subsequently filed by MDCU, but due to an administrative error in the Clerk's Office, a pre-hearing order was not issued on the MDCU Motion and the Debtor filed no response to the MDCU Motion. On September 11, the Swofford Motion was filed, and the Pre-Hearing Order was issued on September 12, 2014. Among other things, that Order required each of the respondents, i.e. the Debtor and the Chapter 13 trustee, to file within fourteen (14) days a pleading responsive to the allegations in the motion if they opposed the relief requested. Pre-Hearing Order ¶ 2. On September 26, 2014, Stephen E. Dunn, an attorney experienced in representing Chapter 13 debtors in this District, filed a notice of appearance for the Debtor, and he also filed a detailed response to the Swofford Motion for the Debtor (the "Answer"), addressing most, but not all, of the allegations by paragraph. The Chapter 13 trustee did not file a response to either the MDCU Motion or the Swofford Motion and is deemed not to have opposed the Swofford Motion under the Pre-Hearing Order. *See* Pre-Hearing Order ¶ 2.

In the Answer, the Debtor admits the current value of the Franklin Property is $56,300.00; the current value of the Starling Property is $137,300.00; the current value of the Church Property is $65,600.00; the current value of the Dillard Property is $9,000.00; and the current value of the Moss Property is $10,000.00. Swofford Mot. ¶ 13; Answer ¶ 1. The total value of the Properties is $278,200.00. The Answer also admits that these are the same values the Debtor included in his Schedule A. Swofford Mot. ¶ 13; Answer ¶ 1.

In the Answer, the Debtor also admits that Swofford is the holder of two promissory notes made by the Debtor. The first note is dated June 28, 2007, in the principal amount of $70,000 ("Note 1") and has an outstanding balance, inclusive of interest, of $198,961.06 as of

June 3, 2014. Swofford Mot. ¶ 7; Answer ¶ 1. The second note is dated November 10, 2008, in the principal amount of $114,705.24 ("Note 2") and has an outstanding balance, inclusive of interest, of $146,958.13 as of June 3, 2014. Swofford Mot. ¶ 8; Answer ¶ 1. The combined amount owed under both notes is $345,919.19. Both notes are secured by deeds of trust on each of the Properties.

Through the recording of deeds of trust securing Note 1 in Franklin County and Martinsville, Swofford holds a first lien on the Franklin Property, a third lien on the Starling Property, a fourth lien on the Church Property, a second lien on the Dillard Property, and a second lien on the Moss Property. Swofford Mot. ¶¶ 3, 6; Answer ¶ 1. Further, through the recording of deeds of trust securing Note 2 in Franklin County and Martinsville, Swofford holds a second lien on the Franklin Property, a second lien on the Starling Property, a third lien on the Church Property, a first lien on the Dillard Property, and a first lien on the Moss Property. Swofford Mot. ¶¶ 4–5; Answer ¶ 1.

Although the Debtor did not file an Answer to the MDCU Motion, Swofford alleged that MDCU is the holder of a first lien on the Starling Property in the amount of $34,555.26 and the holder of a second lien on the Church Property in the amount $9,349.74. These numbers were the same as set forth in the MDCU Motion, and the Debtor admitted these allegations in the Answer to the Swofford Motion. Swofford Mot. ¶ 9; MDCU Mot. ¶¶ 5(A)–(B); Answer ¶ 1. The Debtor denied that Swofford was not adequately protected, that the Swofford notes had matured, and that he had made no payments on the Swofford notes since December 2008. Swofford Mot. ¶¶ 14–16; Answer ¶ 2. However, the Pre-Hearing Order required the Debtor to file a statement three (3) days in advance of the hearing as to how the Movant can be adequately protected if the stay is to be continued, Pre-Hearing Order ¶ 5, and no such statement was filed

by the Debtor. The Debtor also failed to answer the allegations in the Swofford Motion that the Debtor is not paying taxes on the Properties, *see* Swofford Mot. ¶ 17; that the Debtor is not maintaining insurance on the Properties, *see id.* ¶ 18; that the Debtor has no equity in the Properties, *see id.* ¶ 19; that the Debtor has no reasonable prospect for reorganization, *see id.* ¶ 20; that the Properties are not essential to any plan of reorganization, *see id.* ¶ 20; and that Swofford will suffer irreparable harm, loss, or damage if not permitted to foreclose without delay, *see id.* ¶ 21. While F.R.Civ.P. 8(a)(6) provides, in large part, that if a response to an allegation in a pleading is required and no response is made, the allegation is deemed admitted, F.R.Civ.P. 8 is not expressly made automatically applicable in all contested matters under Bankruptcy Rule 9014. Nevertheless, the Court's Pre-Hearing Order is clear: "a pleading responsive to the allegations contained in the Motion" is required. Pre-Hearing Order ¶ 3. Failure to do so permits the Court to take the ignored allegations as admitted.

Despite being mindful of the Debtor's response deficiencies, the Court permitted the Debtor to testify as to why he believed the relief should not be granted as to either the Swofford Motion or the MDCU Motion, particularly in light of his burden of proof under 11 U.S.C. § 362(g)(2).[4] The Debtor testified that he believed the Starling Property would bring $200,000.00 at sale, that the Church Property could bring $150,000.00, and that the Franklin Property would bring approximately $320,000.00. The Starling Property had previously been listed with realtors at $299,000.00 and $275,0000.00, but had not sold. The Dillard and Moss Properties were worth

---

[4]Section 362(g) provides as follows:
> **(g)** In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
> **(1)** the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> **(2)** the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

approximately $9,000.00 and $10,000.00, respectively. Thus, collectively, the Debtor believed the various properties were worth $689,000.00. However, the Debtor has no current appraisals of the Properties, and he testified the tax assessments in the various localities were what he based the current market values upon in his schedules, all filed under oath with the Court.

The Starling Property has been listed for sale off and on since 2009, both with licensed realtors and by the owner. In addition, the Debtor testified that approximately $10,000.00 from the sale of the Starling Property would be needed to rehabilitate the Church Property in order for it be sold at the value he suggested. By the Debtor's own admission, it is in below average condition and needs work to be sold. That will take money he does not currently have. As to the Franklin Property, the Debtor testified he paid approximately $102,000.00 for it nine years ago, and the property is in the same condition it was when purchased, largely unimproved with only a shed and a cabin that has no utilities. Given the Debtor's testimony, the Court is unpersuaded that it should look behind the Debtor's schedules and his Answer to establish different values for the Properties for the purposes of the motions before the Court.

In terms of ability to provide adequate protection to Swofford and MDCU, the Debtor has no meaningful cash on hand and operates a go-cart track in Martinsville. The "season" for the track is essentially over, and he works in the off-season for a cabinet company making approximately $600.00 per week, which according to his schedules roughly matches what he makes from the go-cart track when operating. The Debtor also believed he could supplement his income by selling firewood at $75.00 a load, and perhaps working at a gym, although no testimony was provided as to how much that would generate on a monthly basis towards his income. Also relevant to adequate protection was the Debtor's testimony that insurance had lapsed on all collateral for the various debts, and that the only insurance on any collateral was the

6

insurance that MDCU had "force-placed" on certain of its collateral. All parties agreed that the MDCU force-placed insurance provided no protection to Swofford's interest in the collateral for his debt. The Debtor did not respond to the allegation in the Swofford Motion that he was not paying taxes on the Properties, and given the Pre-Hearing Order, that is taken as admitted. He also offered no affirmative evidence by testimony that he was in fact paying, or capable of paying, the taxes on an ongoing basis. Failure to pay real estate taxes also weighs against the Debtor's contention of adequate protection to his lenders.[5]

CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that these matters are "core" bankruptcy proceedings within the meaning of 28 U.S.C. § 157(b)(2)(G).

A bankruptcy court "shall" grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The bankruptcy court also "shall" grant relief from the automatic stay if "the debtor does not have an equity in the property" and the property "is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). However, relief can be granted in different ways, "such as by terminating, annulling, modifying, or conditioning such stay." 11 U.S.C. § 362(d).

---

[5] The Chapter 13 plan filed by the Debtor on July 2, 2014, acknowledges past due real estate taxes to each locality in varying amounts. Chapter 13 Plan and Related Motions ¶ 2(B), ECF No. 18. Moreover, the Debtor admitted the authenticity of Swofford's loan documents, including the various deeds of trust. Each of the deeds of trust contains covenants requiring the Debtor to keep the property insured and real estate taxes paid.

7

A party moving under section 362(d) has the initial burden of establishing a prima facie case, but "[o]nce that has been accomplished, however, the ultimate burden of proof rests upon the Debtor to show a lack of cause to grant" a motion for relief from stay.  *Unnamed Citizens A Thru E and Certain Minor Children v. White (In re White)*, 410 B.R. 195 (Bankr. W.D. Va. 2008).  At a hearing on a section 362(d) motion, the movant "has the burden of proof on the issue of the debtor's equity in property" and the "party opposing such relief has the burden of proof on all other issues."  11 U.S.C. § 362(g).

Swofford moves for relief under 11 U.S.C. § 362(d)(2).[6]  The pleadings on file herein, including the Debtor's valuations of the Properties and his admissions to the allegations in the Swofford motion, establish that the Debtor does not have an equity in the Properties.  While the Court finds the Debtor to be both earnest and forthcoming, he is overly optimistic of his circumstances.  The Court is not persuaded that it should look behind the Debtor's stated valuations and admissions given the circumstances of this case, especially in regards to the Church Property, which needs substantial improvements prior to sale, and the Franklin Property, which is in largely the same condition and circumstances as when the Debtor purchased it nine years ago.  The Starling Property, while improved by the Debtor, has not sold despite substantial prior efforts to do so.  The remaining properties are of nominal value.

The burden of proof was on the Debtor to show that the Properties are necessary to an effective reorganization.  "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*."  *United Sav. Ass'n of Tex. v.*

---

[6] MDCU moves for relief under "362(d)", primarily alleging lack of adequate protection.  While MDCU alleges there is no equity in the Properties securing its debt, MDCU does not allege that the Properties are not necessary to an effective reorganization of the Debtor.  The Court will address lack of adequate protection below.

*Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 376 (1988) (emphasis in original).  While the Court does not doubt the Debtor's eagerness to accomplish what he proposes, the Debtor's financial situation, particularly access to cash, is tenuous at best, and he has simply failed to make a showing sufficient to persuade the Court that the Properties are necessary to a reorganization "in prospect" within the scope of *Timbers*.

Both MDCU and Swofford also seek relief from stay under section 362(d)(1).  Each movant claims that the Debtor has not provided adequate protection.  MDCU Mot. ¶ 7; Swofford Mot. ¶ 14.  The Debtor denies this allegation as to Swofford.  Answer ¶ 2.  The Debtor had the burden of proof on the issue of adequate protection at the hearing.  *See* 11 U.S.C. § 362(g).

Section 361 of the Bankruptcy Code provides examples of how adequate protection "may be provided." 11 U.S.C. § 361.  A debtor, however, is not limited to these examples.  The Debtor presented no evidence at the hearing that the Debtor has provided, or can provide, adequate protection to protect the interests of either MDCU or Swofford.  He relies primarily on a non-existent equity cushion, and real estate taxes continue to accrue which the Debtor has not paid.  In addition, the Debtor has also allowed the insurance on the various Properties to lapse, requiring MDCU to acquire "force-placed" insurance, which protects only its interest and which is normally charged back to the loan.  Swofford's interest in his collateral is presently completely without insurance coverage, and the Debtor testified he is unable to obtain insurance on his own. Accordingly, the Court finds that the Debtor has failed to meet the burden of proof on adequate protection and therefore holds that cause exists for granting relief from stay under section 362(d)(1).

Having held that relief from stay is appropriate under both section 362(d)(1) and 362(d)(2), the Court must determine the appropriate terms of relief under the circumstances. The MDCU Motion requests that "the automatic stay be modified and that the Debtor be required to turn over the [Properties] to [MDCU] so that it may foreclose on the subject property." The Swofford Motion requests that the stay be modified to permit Swofford to proceed with foreclosure actions on each of the Properties.

Based on the record and statements made at the hearing, the Court will modify the automatic stay. The Court will grant relief from the automatic stay by modifying it to permit MDCU to initiate foreclosure actions on the Church Property and the Starling Property in accordance with its loan documents and applicable state law. The Court will further grant relief from the automatic stay by modifying it to permit Swofford to initiate foreclosure actions on the Franklin Property, the Starling Property, the Church Property, the Dillard Property, and the Moss Property in accordance with its loan documents and applicable state law.

Swofford requests that this Court waive the stay of Bankruptcy Rule 4001(a)(3). MDCU does not. The decision on whether or not to waive the fourteen-day stay is within the sound discretion of the bankruptcy court. *See Foster v. Wayne*, No. 6:12-cv-00024, 2012 WL 4458476, at *3 (W.D. Va. June 5, 2012). The Court sees no basis to delay the effectiveness of its ruling under the circumstances of this case. However, the stay will be waived under Bankruptcy Rule 4001(a)(3) as to Swofford's Motion only.

CONCLUSION

For the foregoing reasons, the Court will grant both the MDCU Motion and the Swofford Motion, modifying the stay of 11 U.S.C. § 362(a) so as to permit the movants to exercise their available rights against the Properties. An order to such effect shall be entered contemporaneously herewith.

Decided this 7th day of November, 2014.

_____
UNITED STATES BANKRUPTCY JUDGE